The opinion of the court was delivered by
Duncan, J.
The plaintiff in error, who was defendant below, withdrew his motion in arrest of judgment; and in the specification of error, has not assigned for error, that one of the counts in the declaration does not contain actionable words, and the verdict and judgment being general, it would be error. The court is not called upon to decide that point; but it will be well for the defendant in error to consider this before he goes to a new trial.
The first count in the declaration is, for words spoken of the plaintiff in his character, and of him as an associate judge of the Court of Common Pleas. The words laid in the declaration, are, “ Colonel Hackney has done that for which God will not forgive him — he has violated his oath — he has influenced judge Moore to decide causes against me very unjustly. lie was the cause of my losing the suit with Crull. He is a damned old rascal, and hast done that wliich will remove him from his seat. ” The *389 charge is, that he has used undue influence — has violated his oath ■ — for which he ought to be removed from his office — his seat — - certainly his seat on the bench — his judicial seat. 1'hese words substantially were proved; the verdict finds the defendant spoke the words as laid: if so, they could not be spoken of the plaintiff in any other character than that of judge. The defendant has no reason to complain of the charge of the court. His question was not very distinctly put. The answer of the court, fairly construed with relation to the whole subject, and the evidence is, if the- words as laid in the declaration, were uttered by the defendant, then this was spoken of him in the character of judge; and to be sure if they were uttered, the court would have been right in saying, that ex vi termini, they did import impure official conduct, which the defendant said would be sufficient to remove him from his seat. The words required no colloquium, no innuendo to make them actionable. I am, therefore, of opinion there is no error in this.
But in the rejection of the evidence taken on the second commission, I think there was error. The commission was granted on motion in court, notice was givén of it, and copy of interrogatories duly served on the plaintiff. The commission is returned, and it is not until the defendant offered it in evidence, it is objected to. If there lay this objection to the commission, it should have been made at an earlier period in the cause, or an opportunity given to the defendant to have, a new commission; but the objection I think, is rather hypercritical; that it was not a commission to examine the witness de novo, but merely a cross-examination. This might have been informal: but look at the state in which the de’fendant stood? The plaintiffhad executed a commission on interrogatories. The answer of the witnesses (cross-examined on the defendant’s commission,) was an answer to the interrogatories calling on the witnesses to answer, whether the defendant had uttered any words derogatory to the plaintiff’s character as a citizen and neighbour, not as a judge, or in his official character. Therefore, the defendant could not put cross interrogatories of a matter which the witness was not interrogated on by the plaintiff whose witness he %vas: he had no opportunity to cross-examine him on a matter not •inquired of on the first commission. Substantially this was a second commission to examine the witnesses; and if this matter had been so stated to . the court, the second commission would have been properly rejected; but terming it a commission to cross examine, would not vitiate it, and could not be taken advantage of on the trial of the cause.
I am, therefore, of opinion that the evidence was improperly rejected, and that the judgment should be reversed for that reason.
Judgment reversed, and a venire facias de novo awarded.