## M'Kinney *against* Dows.

Where due notice of a commission, regularly obtained, to take the deposition of a witness has been given to a party who fails to file cross interrogatories within the usual time, and waits until the commission is executed and returned, he cannot then, without an order of court and previous notice to the other party, take out a commission to "cross-examine" on "cross interrogatories" filed, and embrace in them leading questions to the witness.

ERROR to the common pleas of *Warren* county.

The facts of this case, so far as they illustrate the point decided, will be found in the opinion of the court.

[M'Kinney v. Dows.]

*Pearson,* for plaintiffs in error.
*Thompson* and *Galbraith,* contra.

The opinion of the Court was delivered by

KENNEDY, J.—The counsel for the plaintiffs in error, who were the defendants in the court below, took no less than seventeen bills of exception to the opinion of the court on questions as to the admissibility of evidence and the competency of witnesses, offered in the course of the trial; all of which have been assigned for error. We are of opinion that there is no error in any of them excepting the fifteenth; and this alone will therefore be considered. The plaintiffs in error, during the pendency of the action in the court below, entered a rule for a commission upon interrogatories filed by their attorney to take the testimony of Henry Butler, who resided out of the state. The usual notice required by the rule of court in this behalf was given to the attorney of the defendant in error, who was the plaintiff below, to afford him the opportunity of joining in the commission and filing cross interrogatories if he chose. This, however, not being done within the time allowed for that purpose by the rule of court, the plaintiffs in error took out their commission, had it executed, and returned. After this the attorney for the defendant in error entered a rule in the prothonotary's office for a commission to *cross examine*, as he stated, Henry B.,er, whose evidence had been previously taken under the commissi.n of the plaintiffs in error. He at the same time filed what he called "cross interrogatories," and gave notice of the entry of his rule to the attorney of the plaintiffs in error; upon which the attorney for the plaintiffs in error filed the following objection to it in the office. "The defendants object to the fourth interrogatory put to Henry Butler; among other reasons for the following: the questions put in the same interrogatory are too leading in their form and nature; and it is not competent for the plaintiff, James Dows, to give evidence of his own acts, and especially of his own declarations in the case." The interrogatory thus objected to is as follows. "When, as you state, Gilchrist and Dows were threatened by yourself and your counsel with proceedings in chancery, did not Dows expressly state he did not care a straw for such proceedings; that he was in no way connected with Mr Gilchrist; that you might with as much propriety threaten any other man in Cazenovia as himself; that if he indorsed the note proposed to be given, it was merely to do a favour to Mr Gilchrist, who was his friend?"

The course adopted and pursued in this case by the attorney of the plaintiff below, to have a cross examination as he called it, of the witness of the defendants, and under that pretence or name to claim the right of putting his interrogatories in a leading shape to the witness, is somewhat novel and out of the ordinary course of practice. It cannot, I think, in fairness be considered in any other light than a commission taken by the plaintiff below to examine the witness in

the same manner as if he had been his own, and of consequence he ought not to have put the interrogatories in a leading form. He had an opportunity offered to cross examine, when he might have propounded leading interrogatories, but for some reason he did not choose to embrace it. Having declined the usual course, it would, as it appears to me, be attended with great irregularity, confusion and inconvenience to permit a party as a matter of course to take out a commission of his own will, and to give to the interrogatories any form or character he pleases. I will not say but a case might happen where the court, in the exercise of a proper discretion, might permit a commission to be taken on leading interrogatories; as for instance in case a witness examined under a previous commission, testified to matters and facts in favour of the party taking his evidence, which were in nowise inquired for by the interrogatories annexed to the commission, and which might operate very unjustly against the other party unless he were allowed the benefit of a further examination on interrogatories couched in leading terms. I can perceive no good reason why, in such case, he should not be permitted to do so, because it was impossible for him to anticipate evidence from the witness of facts and matters not touched on or alluded to in the interrogatories of the party taking it, so as to be able to cross examine in regard to them. The counsel of the defendant in error cited Hook *v.* Hackney, 16 *Serg. & Rawle* 385, in support of the regularity of the form of the interrogatories put by him in his commission : but so far as that case is applicable to this, I conceive it to be rather a condemnation of this. The court seemed to think the proceeding in that case somewhat informal, but as the commission had been allowed by a special order of the court, and no objection made by the other party until after the execution of it, it was held too late to do it then. And I think such course ought never to be approved of but under a special order of the court, upon cause shown and previous notice given to the other party.

Judgment reversed, and a *venire de novo* awarded.