## Hoffman *against* Kissinger.

It is not a valid objection to the reading of a deposition, taken in the county where the cause is tried, that the testimony of the same witness had been previously taken upon a commission in another state.

ERROR to the Common Pleas of *Berks* county.

John Kissinger against Jacob Hoffman. This was an action of *assumpsit*, founded upon a promissory note of Jacob Hoffman to John Kissinger, for $400, dated 17th of August 1839, at ninety days. There were several bills of exception to evidence taken upon the trial, but they gave rise to no principle which was peculiar to this case, except one which sufficiently appears in the opinion of the court. The cause was argued by

*Hoffman* and *Greenough*, for plaintiff in error.
*Smith*, for defendant in error.

The opinion of the Court was delivered by

Kennedy, J.—The first error assigned is an exception to the opinion of the court, rejecting the affirmative answer of Charles E. Boyer, a witness on behalf of the plaintiff in error, who was the defendant below, to the fourth interrogatory annexed to the commission awarded by the court, for the purpose of taking his testimony, to Henry Brown, Esq., of the state of Illinois. The interrogatory is in the following words : " Was John Kissinger (the plaintiff below) in the habit of endorsing notes for your father (Jacob K. Boyer) at the banks in Reading, or to other persons ?" The object of the testimony of Charles E. Boyer was to show that the note, upon which this action is brought, was drawn by the defendant below, for the accommodation of Jacob K. Boyer, payable to the plaintiff there, who was to endorse it for the like purpose, so that Jacob K. Boyer might be enabled to raise money upon it, by getting it discounted at some of the Reading banks. Now, had there been any evidence given, tending to show that the note had been drawn for such purpose, it may possibly be that the answer of the witness would have been admissible, as corroborative evidence, so far as it went, to show that the plaintiff below had been in the practice of endorsing notes for the accommodation of Jacob K. Boyer, to enable him to raise money in the manner above stated. The only evidence given on the subject was, that the same witness, in his answer to the second interrogatory, testified that he was present, and heard a conversa-

I. — Y

[Hoffman v. Kissinger.]

tion, in August 1833, between the plaintiff and defendant, and the deponent's father, about making or endorsing a note for the deponent's father, in his lifetime, in order to enable him to raise money to buy goods in Philadelphia; that it was agreed that the avails of said note should be left with the deponent, to be remitted by him to his father in Philadelphia; but he saw no such note, nor did he know that any such was ever made; at all events, he never received any money to be remitted as mentioned. The note in suit bears date about the time at which the witness says he heard the conversation; and that is the strongest, if not the only·resemblance which it bears to the subject of the conversation, testified to by the witness. Jacob K. Boyer's name is not on it, which most probably would have been the case, if it had been drawn for the purpose of which the witness speaks. Neither did it appear from any evidence that it had been offered at any of the banks in Reading for the purpose of getting it discounted; so that there really was no circumstance in evidence, tending to show that it was given by the defendant below to the plaintiff, for the purpose of raising money for the accommodation of Jacob K. Boyer. And it is incomprehensible how the fact, if proved, that the plaintiff below had been in the practice of endorsing notes for the accommodation of Jacob K. Boyer, to enable him to raise money by getting them discounted at the banks in Reading, could of itself afford the slightest presumption that the note in suit was drawn and delivered for such purpose. It might possibly, if it had been proved to the jury, have misled them. We therefore think the answer was properly rejected.

The second error is a bill of exception to the opinion of the court, admitting the testimony of Henry Rhoads on behalf of the plaintiff below, after an objection to it by the defendant. The plaintiff offered to prove by Henry Rhoads a settlement made between the plaintiff below and Jacob K. Boyer, in which the note in suit was credited to Jacob K. Boyer, and that still there was a balance coming from Boyer to Kissinger. This was objected to by the defendant, but the court admitted the evidence. This evidence was undoubtedly admissible, because it went to explain the testimony of Jacob Geehr, a witness, and the father-in-law of the defendant below. Mr Geehr testified, that shortly after the commencement of this suit, he met with Kissinger, the plaintiff, when, " he asked him at what time the money was advanced by him to Mr Hoffman, for which this suit was brought; that Kissinger answered that he never advanced any on the note in suit. That witness then asked Kissinger how Hoffman got in debt to him, and he said it originated from Jacob K. Boyer, it came in that way. He either did not, or would not explain, but said he lost so much with Boyer, or else he never would have sued." The evidence of Mr Geehr was given, as it was alleged, to show that no consideration passed from Kissinger to

Hoffman for the note, and thence to have it inferred that it was given for the accommodation of Jacob K. Boyer. If Jacob K. Boyer obtained the note in suit from Mr Hoffman, making it payable to Kissinger, it was a sufficient consideration to make it binding on Mr Hoffman, that Jacob K. Boyer was indebted to Kissinger, and that the note was procured by Boyer of Hoffman, for the purpose of satisfying so much of the debt owing by Boyer to Kissinger. This state of the case is certainly consistent with all that Kissinger said to Mr Geehr; but if Kissinger had not offered to show the indebtedness of Boyer to him, then it would have been said, and possibly the jury might have believed it, that Kissinger had got the note without giving a consideration, or any thing to any one for it. Whether Mr Hoffman was indebted to Boyer or not, and gave the note to Boyer, in consideration of getting a credit from Boyer for the amount of it, is not a matter that Kissinger was bound to know, or could be presumed to have a knowledge of; and therefore was not bound to show it on the trial. But it would seem that the bare offer to give the evidence objected to, was all that Kissinger had the benefit of; for the court, after permitting Rhoads, the witness, to prove the paper containing the settlement between Kissinger and Boyer, which was reduced to writing between them, refused to let the settlement be read in evidence; so that no harm was done, even supposing it to have been inadmissible, on account of Mr Hoffman's not having been present when it was made.

The third error assigned, is an exception to the opinion of the court below, admitting the deposition of Charles E. Boyer, taken by the plaintiff below, under a rule of court, before a justice of the peace, in the same county where the cause was tried, some time after the witness's testimony had been taken by the defendant below, under the commission mentioned above, in which the plaintiff did not join or file cross-interrogatories. The objection made to reading the deposition is, that it was not competent for the plaintiff below, after having declined to annex cross-interrogatories to the defendant's commission, to take the testimony of the same witness again, either under a commission or under a rule of court, without the special order of the court. In support of this proposition, the cases of *Hook* v. *Hackney*, (16 *Serg. & Rawle* 385) and *M'Kinney* v. *Dows*, (3 *Watts* 250) have been cited. The first of these cases, however, rather goes to show that a second commission may be taken by the defendant, to examine the same witness examined by the plaintiff under the first commission; but that the defendant can not claim the privilege of a cross-examination under it, by giving to his interrogatories a leading form, without leave of the court. And the second only decides that a party, who has neglected to file cross-interrogatories to a commission taken out by the adverse party, can not afterwards, without leave of the court, take out a second

commission to examine the same witness upon interrogatories drawn up in a leading form, as if it were a cross-examination. In the present case the deposition of Charles E. Boyer, taken by the plaintiff below, is free from all exception on the ground of leading questions having been put to him by the plaintiff below or his counsel, who caused it to be taken. And why it should not have been taken or read in evidence for any other good reason, has not been shown. It has been said that it is giving to the party, taking the testimony of the witness a second time, an unfair advantage; that the party, taking it the second time, may have tampered with the witness in such manner as to get him to destroy the effect that otherwise would have been produced by his testimony given in the first instance. Such a thing may possibly happen, but then it can not occur unfairly, if the witness be a person of truth and worthy of credit; if otherwise, it is but right that his moral deformity should be exposed. Besides, generally the advantage of taking the testimony of witnesses under a commission, is greatly in favour of the party who makes them his witnesses in the first instance and examines them as such. Because he takes out the commission when he pleases, and carries it to the commissioners to be executed, at such time as they may appoint for him to have the witnesses in attendance, without its being necessary to give any notice to the adverse party; the witnesses are always examined in the absence of the adverse party, and most generally in the presence of the party taking the commission or his agent, and that too after he has been with them for some time previously preparing them for the examination in his favour. The mode therefore in which commissions from courts in this state to take the testimony of witnesses, have been and may be executed, I have ever considered very exceptionable, and by no means so favourable for eliciting the truth from witnesses as a *vivâ voce* examination in court, or an examination by the parties respectively before a proper officer within the state, under a rule of court; because in neither of these latter cases can the witness be examined without an opportunity being afforded to the opposite party to be present, so that he may see whether the examination is fairly conducted by his adversary, and have it in his power to cross-examine afterwards, in such manner as the nature of the testimony given in chief may require, which it is often difficult, if not impossible, to determine on, until the testimony is heard. But it is admitted upon all hands, that the testimony of a witness taken on a commission can not be read on the trial of the cause, if the witness be within a certain distance of the place of trial, and within the jurisdiction of the court and able to attend; and for this plain reason, because it is more favourable to the investigation of truth to have the witness examined in court than out of it. And for a like reason, as it is more favourable to truth to have the witness examined in the presence of both par-

[Hoffman v. Kissinger.]

ties, before a proper officer within the state, under a rule of court, than it is to have him examined under a commission, when the party taking the commission or his agent may always attend, and the adverse party never can, as he is not to be notified of it, the latter mode ought therefore to be preferred, and the latter party ought ever to be at liberty, if an opportunity offers, to take the testimony of the witness a second time under a rule of court, when both parties will be placed, as nearly as can be, upon an equal footing. In many instances much may be gained for the cause of truth by it, and hence no impediment ought to be thrown in the way of it. Indeed, the advantage to be derived from it in this respect, has been manifested by the instance we have of it in the present case. For according to the deposition of Charles E. Boyer taken under the rule of court, it turns out that the conversation which he testified to under the commission, as having been heard by him between his father, the plaintiff and defendant below, was merely what his father told him in the absence of both the plaintiff and defendant, and in short that he never heard any such conversation.

The fourth and last error is an exception to the opinion of the court below, admitting the testimony of George Ludwig, after that the defendant below had objected to it. Ludwig was offered by the defendant below to prove that the note in question was left by him in the Farmers' Bank at Reading for collection, a month after it was given, according to its date. Although this evidence does not appear to have had much to do with the issue in the cause, yet we can not say that it was altogether irrelevant or calculated to mislead the jury. The object of it, as is alleged, was to repel the allegation of the defendant below that the note was given by him to raise money for Jacob K. Boyer, by getting it discounted at one of the banks in Reading. Had there really been any evidence given, tending to prove that the note had been given for such purpose, the testimony of Ludwig would only have shown that the plaintiff below had used it improperly, and certainly would have done him no good; but as there was no testimony of that tendency given, the use that the plaintiff below made of the note is sufficient to repel the allegation of the defendant. And indeed, if the bank demanded payment of the note from Mr Hoffman, as they ought to have done, after having received it for collection, it may be thought somewhat strange that Mr Hoffman, after being thus advised that he was looked to for payment of the note, should have suffered it to lie over without ever making an effort, that we have heard of, to get it up. If it be, that he ought not to pay the note, he is unfortunate in not being able to show it more clearly than he has done.

Judgment affirmed.