# Western New York and Pennsylvania Railway Company *v.* Vulcan Foundry and Machine Company, Appellant.

*Railroads—Right of way—Title—Adverse possession.*

1. Title by adverse possession cannot be acquired against a railroad company for a portion of its right of way as it holds its title for a public use.

*Ejectment—Railroads—Right of way property—Title—Right of possession—Lessee—Parties—Judgment.*

2. In an action of ejectment by a railroad company and its lessee, an operating railroad, against a manufacturing company for land claimed by defendant under averment of title and more than twenty-one years adverse occupancy, plaintiff proved title to the land in an individual predecessor and a completed condemnation thereof by the plaintiff lessor. Defendant offered evidence to prove that the land in question had been appropriated by the State for canal purposes, subsequently sold at sheriff's sale, and by various conveyances vested in their predecessor. In rebuttal plaintiff proved a quitclaim deed from defendant's predecessor to the individual under whom plaintiffs claimed by condemnation, delivered before the damages under the condemnation were assessed and paid. The trial judge charged the jury that the defendant could not claim by adverse possession as against the railroad company and that the evidence offered by plaintiff to prove their title was sufficient to warrant a verdict. *Held,* that judgment was properly entered upon a verdict for plaintiff, lessee.

3. Where in such case it appeared that the plaintiff's right of possession was at the commencement of the proceeding in the operating railroad company, lessee, under a lease thereafter continuously renewed previously to the expiration of every current term thereof, a judgment of nonsuit should be entered against the lessor company.

Argued Oct. 4, 1915. Appeal, No. 29, Oct. T., 1915, by defendants, from judgment of C. P. Lawrence Co., March T., 1901, No. 89, on verdict for plaintiffs, in case of Western New York and Pennsylvania Railway Company and Pennsylvania Company v. Vulcan Foundry & Machine Company, Adrian Realty Company Intervening. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Modified and affirmed.

Ejectment to recover land in Lawrence County. Before HINCKLEY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for the land in suit and judgment thereon. Defendants appealed.

*Errors assigned* were rulings on evidence, instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*J. Norman Martin,* with him *B. A. Winternitz, Norman A. Martin* and *Quincy A. McBride,* for appellants.

*Oscar L. Jackson,* with him *Charles R. Davis* and *A. Martin Graham,* for appellees.

OPINION BY MR. JUSTICE FRAZER, January 3, 1916:

This is an action of ejectment to recover possession of land adjoining the tracks of the Western New York and Pennsylvania Railway Company in the City of New Castle. The land in dispute is a small triangular piece which plaintiffs claim is included in their ninety foot wide right of way. Defendants also claim title to the property and aver actual possession by them and their predecessors in title from 1878 to the time this proceeding was instituted. At the trial, plaintiffs having proved title out of the Commonwealth to one James M. Craig offered in evidence the record of proceedings in 1874 by

him to assess damages against the New Castle & Franklin Railroad Company, plaintiffs' predecessor in title, which company located its roadbed across the land in dispute. Viewers were appointed and awarded to Craig the sum of one thousand dollars and on appeal by the railroad company the jury rendered a verdict in his favor for $896.00. This judgment was subsequently revived and finally paid in full with costs in 1884. The rights of the New Castle & Franklin Railroad Company subsequently became vested in the Western New York & Pennsylvania Railway Company, which previous to the time this action was brought leased the road to the Pennsylvania Company. The latter company was therefore joined as a party plaintiff.

Prima facie the title shown by plaintiffs is a good one and sufficient to warrant the judgment for plaintiffs entered in the court below. Defendants, however, in disputing plaintiffs' right to possession raise a number of objections in support of their contention. The land in dispute abuts on the bed of the old Erie canal and lies within what was, at one time, low ground forming a widening or extension of the canal, which was used as a sort of basin in which to reverse or turn boats. Defendants contend the property in question was by such use appropriated by the State for canal purposes and offered evidence to show the basin adjoining the canal was constructed as part of the system and used in connection therewith for the purpose above stated, and further, that by proceedings in 1871, all property of the Erie Canal Company was levied upon and sold at sheriff's sale, which title by various conveyances set forth in their supplemental plea and abstract of title became vested in George C. Reis, William H. Brown and A. B. Berger. Plaintiffs, in a supplemental abstract, denied the property in question was included in the sheriff's sale of the canal property, and contended that, even if it were, all rights of Reis, Brown and Berger therein were conveyed in 1874 to James M. Craig, their predecessor

in title, by a quitclaim deed, which was offered in evidence.

As a further defense defendants denied that the New Castle & Franklin Railroad Company had at any time legally located its road through the land in dispute, or that valid proceedings for assessment of damages were ever carried through and contended the land in controversy remained the property of James M. Craig and adjoined other real estate belonging to him, which was subsequently conveyed to defendants' predecessor in title, who entered on the land in dispute, took possession of the same and occupied it continuously and adversely from the year 1878 to the date of beginning this action.

The first question to be determined is whether the land was at any time a part of the railroad's right of way and included in the location thereof, and if not, whether the subsequent quitclaim deed to Craig from Reis, Brown and Berger, was effectual to complete Craig's title, so as to enable plaintiffs to recover in an action of ejectment.

By Act of March 27, 1824, P. L. 92, a board of commissioners was created for the purpose of promoting the transportation interests of the Commonwealth and by Act of February 25, 1826, P. L. 55, the construction of the Pennsylvania Canal, at the expense of the Commonwealth, was authorized. This canal was built about 1832 pursuant to these acts and was subsequently taken over by the Erie Canal Company, incorporated under the Act of March 7, 1843, P. L. 36, and abandoned in 1871. Defendants offered evidence tending to show that in the years 1834, 1835 and 1836, James Squires, a predecessor in the chain of title, of both plaintiffs and defendants, received compensation for the taking of the land in suit by the canal company. This evidence comprises an agreement between the commissioners and James Squires made in 1832, concerning the removal of certain buildings of the latter from property appropriated by the canal company and also various minutes of the canal

commissioners, showing a claim and allowance of damages to Squires followed by an offer of maps and further testimony for the purpose of identifying the location of the property taken.   The difficulty with this evidence is that it does not fix the property taken as that in dispute.   The only evidence of a definite character is that the land in question was used as a basin in which boats were turned as above mentioned; it however fails to supply the missing link needed to show the property in question was the subject of condemnation, payment for which was made to Squires.   Defendants attempted to supply this proof by pointing to a paragraph in their supplemental plea and abstract of title, which after reciting the various acts of assembly relating to the Pennsylvania Canal alleges "The Commonwealth of Pennsylvania in pursuance of said acts of assembly, did seize and take into its possession for the permanent use of its canal, inter alia, the land described in the writ" and called the court's attention to the fact that this statement is not specifically denied by plaintiffs and under a rule of court in existence at the time the proceeding was started, must be taken to have been admitted.

In our view of the case it is not necessary to decide as to the sufficiency of the identification of the land with that for which James Squires received payment or as to the effect of the admissions in the pleadings under the rule of court referred to.   The property of the Erie Canal Company was sold in 1871; the title given by the sheriff was through subsequent conveyance vested in Reis, Brown and Berger.   In the meantime Squires' title became vested in James M. Craig and upon the location of the New Castle & Franklin Railroad in 1872, the land in dispute was undoubtedly included in their claim of right of way and damages therefor assessed to Craig. Even if these proceedings were irregular as contended by defendants, Craig received payment in full and would now be estopped from setting up a claim to the land. The quitclaim deed from Reis, Brown and Berger for the

property in dispute, was an admission by them that Craig was entitled to the land and to the damages recovered for its taking and they thereby relinquished all title to the property. Nor is it material that the quitclaim deed was made eleven days subsequent to the filing of the petition by Craig for the damages. The deed is dated June 26, 1874. The petition was filed June 15, 1874, and on the following day viewers were appointed by the court. The first meeting of the viewers was held July 14th and their report awarding damages to Craig was made July 28, 1874. Craig's title to the property was consequently settled before the first meeting of the viewers and neither Reis, Brown and Berger, nor their successors in title, would have standing at this time to object to the sufficiency of title which passed to the railroad in the condemnation proceeding. The title set forth by plaintiffs is prima facie a good one, as said before, and defendants have failed to show a better one in either themselves or a third person.

We deem it unnecessary to discuss the question of adverse possession, as it is well settled that title by adverse possession cannot be acquired against a railroad company for a portion of its right of way, as it holds its property for a public use: Pittsburgh, Fort Wayne & Chicago Ry. Co. v. Peet, 152 Pa. 488; Conwell v. Philadelphia & Reading Ry. Co., 241 Pa. 172.

The remaining question for discussion relates to the proper parties plaintiff. At the time of instituting this proceeding and to the present date, the legal title to the railroad property has been in the Western New York & Pennsylvania Railroad Company. The summons was issued February 13, 1901. At that time the road was operated by the Pennsylvania Company under lease from the Pennsylvania Railroad Company, dated July 14, 1900, which went into effect August 1, 1900, to continue for one year thereafter. The Pennsylvania Railroad Company acquired right of possession from the Western New York & Pennsylvania Railway Company

by lease also dated July 14, 1900. Other leases were made for a further period of one year, commencing August 1, 1901, which were renewed for an additional period of one year to August 1, 1902, and again renewed for a period of twenty years. During this time the Pennsylvania Company continued operating the road as sublessee from the Pennsylvania Railroad Company. Under these circumstances defendants maintain plaintiffs have not shown a right to possession and as ejectment is a possessory action there can be no recovery by the landlord, the Western New York & Pennsylvania Railway Company and in support of this contention cite Stofflit v. Troxell, 8 W. & S. 340. They further claim the Pennsylvania Company is not entitled to recover because its title or right of possession under the lease in existence at the time suit was brought ceased with the expiration of that lease, and there can be no recovery under a title obtained after the action was begun. Although there have been several renewals of the lease these renewals were made in each case previous to the expiration of the current term and date from such expiration and there has never been a period of time since the lessee, the Pennsylvania Company, went into possession when it could have been legally ousted from such possession. This contention accordingly cannot be sustained. Under the Act of March 31, 1823, 8 Sm. L. 141, 2 Purd. 1299, pl. 14, a judgment of nonsuit should be entered against the Western New York & Pennsylvania Railway Company, the lessor, and a judgment entered in favor of the Pennsylvania Company, the lessee in possession.

To this extent the judgment of the court below is modified and judgment in favor of the Pennsylvania Company is affirmed.