Borough of Wilkinsburg, Appellant *v.* Maxine C. Horner, Appellee.

Argued March 12, 1985, before Judges CRAIG and DOYLE and Senior Judge KALISH, sitting as a panel of three.

*Virginia I. Cook,* Borough Solicitor, for appellant.

*Joseph Sabino Mistick, Mistick & Giltinan, P.C.,* for appellee.

*E. J. Strassburger,* with him, *Charles J. Avalli, Strassburger, McKenna, Messer, Shilobod & Gutnick,* for intervenor, Clark Sanitation Services, Inc.

OPINION BY JUDGE CRAIG, April 18, 1985:

The Borough of Wilkinsburg appeals an order of the Court of Common Pleas of Allegheny County which granted a preliminary injunction to taxpayer Maxine Horner, enjoining the borough from performing a refuse collection contract with Clark Sanitation under a renewal clause allegedly in violation of the competitive bidding requirements of The Borough Code.[1]

We agree with the borough that Clark Sanitation, who intervened upon appeal but was not a party before the trial court, is an indispensable party to the taxpayer's equity suit to enjoin the borough from performing its contract with Clark. Because the failure

---

[1] Act of February 1, 1966, P.L. 581, *as amended,* 53 P.S. §§45101-48501.

to join an indispensable party deprives a court of jurisdiction, *Oas v. Commonwealth,* 8 Pa. Commonwealth Ct. 118, 301 A.2d 93 (1973), we must reverse and remand without reaching the substantive issues concerning the validity of the contract and the adequacy of the bond which the court required the taxpayer to post.

In *Hartley v. Langkamp,* 243 Pa. 550, 555-56, 90 A. 402, 403 (1914), the Pennsylvania Supreme Court set forth the following general rule:

A party in an equity action is indispensable when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. That is to say, his presence as a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights.

In *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 481, 431 A.2d 953, 956 (1981), the Supreme Court enumerated the following factors which a court should consider in determining whether a party is indispensable:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

This court applied that criteria in *Posel v. Redevelopment Authority of City of Philadelphia,* 72 Pa.

Commonwealth Ct. 115, 456 A.2d 243 (1983), where the court of common pleas denied a landowner's petition to intervene in an equitable action brought by redevelopers against the Redevelopment Authority of the City of Philadelphia (RDA) to enjoin the performance of a contract of sale of real property between the RDA and the landowner. The redevelopers argued that the challenged sale constituted a modification of the city's urban renewal plan, and required their written consent. The common pleas court agreed, and entered a final decree enjoining the RDA from performing its contract with the landowner. Reversing for failure to join the landowner as an indispensable party, we stated:

> The relief requested by [the redevelopers] and granted by the court directly precluded performance of the [landowner's]/RDA contract; [the landowner's] rights were thus *directly* connected with the litigation, were adverse to those of RDA, and were obviously not protected by RDA's capitulation in the suit. Finally, with regard to due process, we note that if the court's decree is permitted to stand, [the landowner] will have lost valuable rights to property under the agreement with RDA without having had the opportunity to defend those rights as a participant in the litigation. (Emphasis in original.)

*Posel,* 72 Pa. Commonwealth Ct. at 121, 456 A.2d at 246.

Similarly here, Clark Sanitation has a contract right which is directly related to the taxpayer's claim against the borough. Clark's right to continued performance of the contract is essential to the merits of the issue, and is sufficiently distinct from the borough's interest in the contract that Clark's due pro-

598

cess rights would clearly be violated if it is precluded from participating in the litigation.

Therefore, according to the criteria set forth in *Mechanicsburg,* we must conclude that Clark is an indispensable party to the equitable action to enjoin the borough's performance of its contract with Clark, and that without joinder of Clark, the court of common pleas was without jurisdiction to grant the preliminary injunction.

Accordingly, we reverse and remand for rehearing with Clark Sanitation as a party defendant. Pa. R.C.P. No. 2232(c).

ORDER

Now, April 18, 1985, the order of the Court of Common Pleas of Allegheny County at G.D. 84-6292, dated April 25, 1984, is reversed and remanded for hearing with Clark Sanitation Services, Inc. as a party defendant. Pa. R.C.P. No. 2232(c).

Jurisdiction relinquished.