510 A.2d 792

**William L. NELSON by Orrie L. NELSON as His
Attorney-In-Fact and Orrie L. Nelson**

v.

**John DIBBLE, Individually and d/b/a John "Jack" Dibble
Tree Service, Appellant.**

Superior Court of Pennsylvania.

Argued April 30, 1986.

Filed May 29, 1986.

No. 1006(c). Therefore, we also affirm the transfer of the remainder of the case to Berks County, the situs of the accident.

**538**

Frank L. Kroto, Jr., Erie, for appellant.

Edward J. Lucht, Erie, for appellee.

Before DEL SOLE, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from a final decree of the trial court which granted injunctive relief and declaratory judgment to appellees-plaintiffs, the Nelsons.[1] We must reverse and remand the matter for the reasons herein stated.

The record establishes the following set of facts:

In April, 1984, one of the appellees, Orrie L. Nelson, filed a complaint in equity seeking to enjoin a neighbor, appellant-defendant, John Dibble, from blocking appellees' use of a certain adjoining roadway. The trial court discharged a Rule to Show Cause why the injunction should not be issued because Orrie L. Nelson lacked standing to bring the lawsuit since he was not the owner of the property. An amended complaint was filed after William Nelson executed a document which gave Orrie Nelson, his father, a power of attorney and a life estate in the subject property.

Subsequently, a hearing was held and the trial court issued the following verbal order, which was later reduced to writing:

THE COURT: Thank you. The Court will enter an Order. I want to give you some idea of what is going to be contained in it so that you, the parties, may be aware.

---

1. The appellees-plaintiffs are a father, Orrie L. Nelson, and a son, William L. Nelson.

First of all, whether we call this Lavery Lane vacated or abandoned, it is my opinion, at this point at least, that that is a difference without any real distinction. It is now no longer maintained or claimed by the township. The Court finds that there does exist an easement either by the prescriptive use of the plaintiff or as a public road now ignored and this is available to both parties; that neither party may deny the other party use of this easement; neither party may block nor deliberately obstruct the use of the easement by the other party. I'm not going to require that it be maintained or make some ruling on what is passable or impassable. I simply do not have the evidence before me to get into that type of—get in the middle of that type of squabble. However, my ruling should be broadly construed to include neither a negligent nor a deliberate blocking or tearing up or destruction of the easement of the other—of the other party. This would include, of course, parking on it, as has been testified to, or if in fact trucks had been left on the road so as to deny the other person access. The Court would consider that to have been a violation had such an Order existed at the time. That's about—that's about as definite as I will get for you at this time. We will draw up something and provide it for you. Make sure that the exhibits that I do not have, the pictures and everything, remain here and that is on the board. We're all set here. I believe that's all.

(Court was adjourned.)

(End of transcript.)

N.T. 4/23/84 at 64–65.

This appeal eventually followed.

Appellant frames the issue in the following manner: Whether the trial court erred in granting a preliminary injunction declaring the existence of either a prescriptive easement or an easement by necessity (1) where all the owners of the servient tenements were not parties to the court action, (2) where the road involved is a once declared public road which was owned by the township and which

has not been vacated formally, and (3) where the owner of the dominant tenement has other access to his property.

At the outset, we recognize the applicable standard of review which governs this case:

> Our scope of review on appeal of a final decree is well settled. The factual conclusions of the Chancellor have the force of a jury verdict and will not be disturbed on appeal unless they are not supported by adequate evidence. *Cardamone v. University of Pittsburgh*, 253 Pa.Super. 65, 384 A.2d 1228 (1978); *Nationwide Mutual Insurance Co. v. Walter*, 290 Pa.Super. 129, 434 A.2d 164 (1981). His findings are afforded particular weight in cases in which the credibility of witnesses must be evaluated, as the Chancellor has had the opportunity to hear their actual testimony and to observe their demeanor on the witness stand. *See Fascione v. Fascione*, 272 Pa.Super. 530, 416 A.2d 1023 (1979). We will not reverse on appeal unless the trial court abused its discretion or committed an error of law. *Neshaminy Constructors v. Philadelphia et al.*, 303 Pa.Super. 420, 449 A.2d 1389 (1982).

*Valley Forge Historical Society v. Washington Memorial Chapel*, 330 Pa.Super. 494, 501, 479 A.2d 1011, 1015 (1984), petition for allowance of appeal denied, October 15, 1984.

In this case, because the trial court's conclusions of law were in error and because the record is incomplete, we must reverse and remand the matter for further proceedings.

■ The court stated as its first legal conclusion that "whether we call this Lavery Lane vacated or abandoned, it is my opinion, at this point at least, that that is a difference without any real distinction. It is now no longer maintained or claimed by the township." Notes of Testimony at p. 64. This conclusion was in error because the principle is well-recognized that a "claim of title by adverse possession does not lie against Commonwealth property." *Commonwealth, Department of Transportation v. J.W. Bishop & Co.*, 497 Pa. 58, 62, 439 A.2d 101, 103 (1981). Similarly, our Courts have held that local governments have immunity from a

claim of adverse possession when the land in question is devoted to public use. *Zlotucha v. Cziebowicz,* 275 Pa.Super. 205, 418 A.2d 684 (1980); *Torch v. Constantino,* 227 Pa.Super. 427, 323 A.2d 278 (1974).

Additionally, our Supreme Court has commented as follows:

> Even privately owned property which has been dedicated to public use is not subject to a claim of title by adverse possession. The land becomes "impressed with a public use; it constitutes a public highway. [It is held] in trust for the people of the Commonwealth." *Conwell v. Philadelphia & Reading Ry. Co.,* 241 Pa. 172, 174, 88 A. 417, 418 (1913) quoting *Delaware, Lackawanna & Western R.R. Co. v. The Tobyhanna Co.,* 228 Pa. 487, 492, 77 A. 811, 813 (1910). Accord, *Keifer Appeal,* supra; *Graham & Co. v. Pennsylvania Turnpike Comm'n.,* 347 Pa. 622, 33 A.2d 22 (1943); *Western New York & Pennsylvania Ry. Co. v. Vulcan Foundry & Machine Co.,* 251 Pa. 383, 96 A. 830 (1916); *Commonwealth v. Alburger,* 1 Whart. 469 (1836); *Commonwealth v. McDonald,* 16 Serg. & Rawle 389 (1827).

*Commonwealth, Department of Transportation v. J.W. Bishop & Co.,* 497 Pa. at 62, 439 A.2d at 103. (Footnote omitted). *Accord* (Art. 3, § 32, "The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law and specifically the General Assembly shall not pass any local or special law: ... 2. Vacating roads, town plats, streets or alleys....).

The rationale for a rule which intends to favor the public interest over private interests has been set forth by the United States Supreme Court:

> "The Government, which holds its interests here as elsewhere in trust for all the people, is not to be deprived of those interests by the ordinary court rules designed particularly for private disputes over individually owned pieces of property."

*Commonwealth, Department of Transportation v. J.W. Bishop & Co.,* 497 Pa. at 64, 439 A.2d at 103 (quoting *United*

*States v. State of California,* 332 U.S. 19, 39–40, 67 S.Ct. 1658, 1669, 91 L.Ed. 1889, 1900 (1947)).

On this present state of the record, we must remand because the outcome of appellees' adverse possession claim is linked inextricably with whether title to the subject property is vested in Greene Township.

On remand, the trial court should also grant a hearing on whether certain indispensable parties, i.e., adjoining property owners, should be joined. There is no question in this case that Greene Township could be an indispensable party to this action because appellees' claim of adverse possession, if granted, could directly affect the interests of Greene Township. We have outlined the requirements for an indispensable party in the following manner:

In *Hartley v. Langkamp & Elder,* 243 Pa. 550, 555–56, 90 A. 402, 403 (1914), the Pennsylvania Supreme Court set forth the following general rule:

> A party in an equity action is indispensable when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. That is to say, his presence as a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights.

In *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 481, 431 A.2d 953, 956 (1981), the Supreme Court enumerated the following factors which a court should consider in determining whether a party is indispensable:

1. Do absent parties have a right or interest related to the claim?
2. If so, what is the nature of that right or interest?
3. Is that right or interest essential to the merits of the issue?
4. Can justice be afforded without violating the due process rights of absent parties?

*Borough of Wilkinsburg v. Horner,* 88 Pa.Cmwlth. 594, 596, 490 A.2d 964, 965 (1985).

If title was at one time vested in Greene Township, then the Court of Common Pleas was without jurisdiction to grant the preliminary injunction. *Id.*

■ The trial court concluded that the issue of whether Greene Township should have been joined was waived because the appellant waited until the trial to raise the issue. We, however, are unable to agree with this waiver theory because the failure to join an indispensable party deprives a court of jurisdiction. *Barren v. Dubas,* 295 Pa.Super. 443, 441 A.2d 1315 (1982). Additionally, we have said that "when there is a dispute as to the existence of an easement, all owners of servient tenements have a material interest in the controversy and should be joined as defendants, even though such an owner may have had no part in the interference with, or obstruction of, the alleged easement." *Id.,* 295 Pa.Superior Ct. at 446, 441 A.2d at 1316.

The matter is reversed and remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.