J-A30028-19

2020 PA Super 182

| SCOTT GUISER, DENNIS ZEIDERS, DIANE ZEIDERS, GEORGE BIDDLE, JEFFREY BIDDLE, BROOKS ARNOLD AND SHARON ARNOLD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MATTHEW S. SIEBER AND SUSAN L. SIEBER, HIS WIFE | : | No. 674 MDA 2019 |
| Appellants | : | |

Appeal from the Order Entered April 2, 2019
In the Court of Common Pleas of Juniata County Civil Division at No(s):
316-2013

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.*

OPINION BY NICHOLS, J.:                    **FILED AUGUST 05, 2020**

Appellants Matthew S. Sieber and Susan L. Sieber appeal from the order finding against them and in favor of Appellees Scott Guiser (Guiser), Dennis Zeiders, George Biddle, Jeffrey Biddle, Brooks Arnold, and Sharon Arnold. Appellants contend that the trial court erred in determining that a twenty-one acre tract belonged to Appellee Guiser, that Appellees had a right to use a road that crossed Appellants' properties, and that Appellees were entitled to an injunction barring Appellants from blocking the road.  For the reasons that follow, we quash in part, vacate in part, and remand for proceedings consistent with this opinion.

---

* Retired Senior Judge assigned to the Superior Court.

The procedural history of this matter is as follows. On August 15, 2013, Appellees filed a complaint against Appellants. Appellees asserted claims of easement by prescription, equitable servitude, and irrevocable license with respect to a dirt road referred to as "Woods Road" and requested a preliminary injunction restraining Appellants from denying Appellees access to their properties by way of Woods Road. Additionally, the complaint also contained requests for Appellees to conduct a centerline survey of Woods Road. Appellants filed an answer.

On October 31, 2013, the trial court heard testimony regarding Appellees' request for a preliminary injunction. At the conclusion of the hearing, the trial court took the matter under advisement. The trial court did not rule on Appellee's request for an injunction until after trial.

During discovery, Appellees requested leave to file an amended complaint, which the trial court granted. In January of 2016, Appellees filed an amended complaint stating an additional claim by Appellee Guiser against Appellants to quiet title as to approximately twenty-one acres of land claimed by Appellants.[1] Appellants filed an answer and new matter as to the additional claim.

---

[1] In all, Appellees' amended complaint contained the following counts: Count 1—quiet title by Appellee Guiser only against Seiber with respect to the twenty-one acres; Count 2—equitable relief in the form of an injunction; Count 3—easement by prescription; Count 4—equitable servitude; Count 5—irrevocable license; Count 6—easement by estoppel; Count 7—easement by necessity. Counts 2 through 7 involved Woods Road.

The matter proceeded to a non-jury trial that commenced on April 28, 2017. Following the first day of trial, the trial court continued the matter and kept the record open to receive expert testimony. During the continuance, the parties deposed Appellees' expert, George Campbell, a recording of which was admitted into evidence. During the second day of trial on June 21, 2017, Appellants' experts testified.

On July 24, 2017, Appellants filed a motion to dismiss Appellees' claims for failure to join indispensable parties regarding Woods Road. Appellants claimed that Appellees failed to sue Beale Township and "other numerous property owners between the public road known as Hammer Hollow Road and [Appellees'] lands." Appellants' Mot. to Dismiss, 7/24/17, at 1-3. The trial court heard additional arguments on the motion. Thereafter, in December of 2017, the parties submitted proposed findings of fact and conclusions of law.

On February 8, 2019, the trial court entered an order denying Appellants' motion to dismiss for failure to join indispensable parties. On March 25, 2019, the trial court issued an order finding in favor of Appellees and against Appellants. The order, which was docketed on April 2, 2019, read, in part, as follows:

> AND NOW, March 25, 2019, after review of Trial Testimony, Exhibits and the Arguments made by counsel, both orally and through Proposed Findings of Fact, Conclusions of Law and Replies thereto, the [c]ourt is ACCEPTING and ADOPTING the [Appellees']

J-A30028-19

> Proposed Findings of Facts and Conclusions of Law as filed on December 20, 2017, in full.[2]
>
> The [c]ourt is, therefore, entering Judgment in favor of [Appellees] and against [Appellants].
>
> The [c]ourt is specifically entering Judgment in favor of [Appellee Guiser] against [Appellants] Quieting his Title to the property as outlined in Count 1 of the Amended Complaint.
>
> The [c]ourt is also DIRECTING that an Injunction restraining [Appellants] from denying the use of "Woods Road" to the [Appellees] is hereby GRANTED. This Injunction is necessary to preserve and enable [Appellees'] rights to use of that road. The [c]ourt finds that [Appellants'] actions have and will continue in the future to result in irreputable [sic] harm to [Appellees] if the Injunction is not granted.
>
> The [c]ourt is specifically finding that [Appellees] acquired an Easement by prescription over and along "Woods Road" where it intersects with [Appellants'] parcels.
>
> The [c]ourt also finds that an Equitable Servitude exists in favor of [Appellees], who are the property owners to the West of [Appellants'] parcels b[e]aring Tax Assessment Numbers 9-13-46 and 9-13-47.
>
> The [c]ourt also finds that [Appellees] obtained irrevocable license to use "Woods Road" from [Appellants].

Order, 4/2/19, at 1-2.

_____

[2] This Court has stated that "it is not error for the trial court to adopt a party's proposed findings of fact and/or conclusions of law." *Eighth N.-Val, Inc. v. William L. Parkinson, D.D.S., P.C., Pension Tr.*, 773 A.2d 1248, 1251 (Pa. Super. 2001) (emphasis omitted). However, our Supreme Court "generally discourage[s] the practice of wholesale adoption of facts or law as presented by litigants," and has indicated that "a fact-finding court should support its determinations with sufficient explanations of the facts and law, including specific citations to the record for all evidence on which it relies, and to the legal authority on which it relies, to facilitate appellate review." *Commonwealth v. Weiss*, 986 A.2d 808, 816 n.4 (Pa. 2009) (citations omitted).

- 4 -

On April 12, 2019, Appellants filed a post-trial motion. On April 29, 2019, before the trial court had an opportunity to rule on Appellants' post-trial motion, Appellant filed a notice of appeal.

The trial court issued an order requiring the filing and service of a Pa.R.A.P. 1925(b) statement. Appellants timely filed a nineteen-page Rule 1925(b) statement. The trial court filed an opinion.

Appellants present the following questions on appeal, which we have reordered as follows:

[1.] Did the [trial] court err in entering judgment for [Appellee Guiser] on his quiet title claim when the decision was not supported by any competent evidence?

[2.] Did the [trial] court erroneously determine that [Appellees'] action for access [to Woods Road] should not be dismissed for failure to join indispensable parties?

[3.] Was it clear error to strike the trial testimony of an adjoining landowner who opposed the use of "Woods Road" as access for Appellees?

[4.] Did the [trial] court erroneously rule that [Appellees] had an entitlement to access over 4.5 miles of a logging road through unenclosed mountain woodlands when:

(1) [Appellees] failed to introduce a metes and bounds description of the proposed easement;

(2) The logging road goes through unenclosed woodlands that [Appellees] used with permission until June 21, 2012, and when they sought the consent of other landowners, including [Appellants], to use the logging road as access on October 2, 2012;

(3) The covenant involving the [Appellants'] parcel no. 9-13-37 is unreasonably vague and did not affect their other parcels;

(4) When no evidence supported a claim of an irrevocable license to use the logging road and, [Appellees] sought consent

to obtain an easement from the [thirteen] sets of affected landowners?

[5.] Did the [trial] court erroneously grant an injunction?

Appellants' Brief at 5-7.

Because the certified record and associated docket entries in this matter do not show that the trial court denied Appellants' post-trial motion or entered a formal judgment in this matter, we must first consider whether this Court has jurisdiction to address this matter. It is well settled that "an appeal lies from the entry of judgment." *Melani v. N.W. Eng'g, Inc.*, 909 A.2d 404, 405 (Pa. Super. 2006) (citation and internal alterations omitted).

In *Melani*, the trial court entered an opinion and order determining the location of a right of way after a non-jury trial. *Id.* The appellants timely filed a post-trial motion within ten days of the opinion and order. Thirty days after the entry of the opinion and order, but before the trial court ruled on the post-trial motion, the appellants filed a notice of appeal from the opinion and order. *Id.*

The *Melani* Court quashed the appeal as interlocutory. The Court explained that the appeal was premature because the appellants timely filed a post-trial motion, but appealed before the trial court ruled on the post-trial motion. *Id.* at 406. Additionally, the Court noted that the appellants filed their appeal before the 120-day period to decide the motions lapsed and before a judgment was entered. *Id.*

Here, as in **Melani**, Appellants timely filed a post-trial motion from the order entered following a non-jury trial. **See id.** Appellants filed a notice of appeal before the trial court ruled on the post-trial motion, before the 120-day period to decide the motion expired, and before a judgment was formally entered on the record. Therefore, this appeal is premature.[3]

However, this conclusion does not end our analysis. In its April 2, 2019 order, the trial court found in favor of Appellee Guiser and against Appellants in the quiet title action to approximately twenty-one acres of land. The trial court also found in favor of Appellees and Appellants as to the right to access Woods Road. Significantly, the trial court also granted Appellees' request for an injunction prohibiting Appellants from blocking access to Woods Road.

As to the trial court's grant of injunctive relief, Pa.R.A.P. 311 states:

**(a) General rule.**—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

*(4) Injunctions.*—An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:

\* \* \*

_____

[3] We acknowledge that the trial court stated that it was entering a judgment in favor of Appellees and against Appellants in its April 2, 2019 order. However, "Rule 227.1 requires parties to file post-trial motions in order to preserve issues for appeal . . . ." **Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.**, 155 A.3d 39, 44 (Pa. 2017) (citation and internal alterations omitted). Further, this Court has stated that "[t]he purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." **Devon Serv., LLC v. S & T Realty**, 171 A.3d 287, 293 n.7 (Pa. Super. 2017) (citation omitted).

(ii) After a trial but before entry of the final order. **Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order**.

Pa.R.A.P. 311(a)(4)(ii).

In ***Thomas A. Robinson Family Ltd. P'ship v. Bioni***, 178 A.3d 839 (Pa. Super. 2017), *appeal denied*, 194 A.3d 560 (Pa. 2018), this Court stated that the purpose of Rule 311(a)(4)(ii)

> is to permit an immediate appeal if an immediately-effective permanent injunction makes such a change to the status quo that the aggrieved party needs quick appellate recourse without incurring delays from post-trial proceedings in the trial court. The exception is designed to provide the putative appellant with the option to file for immediate review of a "new" injunction entered after trial, notwithstanding that final judgment has not been entered.

***Thomas A. Robinson Family Ltd. P'ship***, 178 A.3d at 847 (footnotes omitted).

Here, Appellants blocked access to Woods Road for several years before the instant action. Although Appellees requested a preliminary injunction, the trial court initially did not issue a preliminary injunction, and there was no indication in the record that Appellants stopped blocking access to Woods Road during the pendency of the litigation of this matter. However, after the non-jury trial, but before the entry of judgment, the trial court issued an injunction that changed the status quo and prohibited Appellants from blocking Woods Road.

- 8 -

Therefore, this injunction prohibited "conduct previously permitted or mandated." *See id.* Moreover, the record indicates that the injunction has taken effect.[4] Appellants asserted that the access would result in irreparable harm. The trial court, however, denied the stay.

Under these circumstances, we are constrained to conclude that an appeal from the trial court's decision to grant an injunction is properly before this Court under Pa.R.A.P. 311(a)(4)(ii) and *Thomas A. Robinson Family Ltd. P'ship*. Therefore, we will address Appellants' arguments to the extent that they relate to the injunction prohibiting Appellants from blocking Appellees' access to Woods Road. However, because a judgment has not been entered,[5] we will not address Appellants' first claim related to Appellee Guiser's quiet title claim as to the twenty-one acres of land, and we quash that aspect of this appeal.

We state the factual background relevant to the injunction. Appellants own six parcels of real estate in Milford and Beale Townships in Juniata County, which we refer to by their county tax assessments numbers. Lots Nos. 9-9-22, 9-13-37, and 9-13-46 are located in Milford Township, and Lot No. 9-9-22 is not contiguous with his other lots. Lots Nos. 1-10-2, 1-10-9, and 1-10-

---

[4] Specifically, in Appellants' application for a stay pending appeal and Appellees' response, the parties noted that Appellants made the road accessible pursuant to the order.

[5] Moreover, as discussed below, Appellants' challenge based on the failure to join indispensable parties goes to the subject-matter jurisdiction of the trial court and cannot be waived.

10 are located in Beale Township, west of the relevant portion of Milford Township. The Beale Township lots are not contiguous with the Milford Township lots, and there are approximately three lots owned by other parties between Lot 9-9-22, Appellants' western-most property in Milford Township, and Lot 1-10-10, Appellants' eastern-most property in Beale Township. Lot No. 1-10-2 in Beale Township is the western-most of Appellants' lots.

Glenn Guiser, Appellee Guiser's father, owned a plot of land in Beale County since 1973, and conveyed approximately ten acres of that plot to the Arnold Appellees. Appellee Guiser obtained the plot from his father in 1985. Later, Appellee Guiser subdivided his plot and conveyed lots to the Zeider Appellees in 1999. According to Appellees, Appellee Guiser currently owns Lot No. 1-10-1, which abuts the western edge of Appellants' Lot No. 1-10-2. The Zeider Appellees own Lot No. 1-10-7, which abuts the western edge of Appellee Guiser's lot. The Arnold Appellees and Biddle Appellees own the lots directly to the west of the Zeider Appellees' lot. Appellees' lots are all located in Beale Township.

Woods Road is a dirt road that connects to Hammer Hollow Road, a public roadway to the east of Appellants' and Appellee's lots. Traveling west from Hammer Hollow Road, Woods Road covers approximately four-and-one-half miles through Milford and Beale Townships, Appellants' properties in Milford Township and his three properties in Beale Township. Woods Road provides access to Appellees' properties west of Appellants' Lot No. 1-10-2 in Beale Township, and then connects to what the parties referred to as an "AT&T

right of way," that was located on the Biddle Appellees' lot. At some point, between Hammer Hollow Road and Appellees' properties, Woods Road also connects with what the parties referred to as "Johnstown Road." Johnstown Road then proceeds southwest and connects with what the parties referred to as "Lead Line Lane," which, in turn, connects with Cider Press Road.

In their proposed findings of fact and conclusions of law, Appellees further described Woods Road as follows:

> 45. "Woods Road" and Lead Line Lane were once part of the same Beale Township public road, as is shown on the 1912, 1931 and 1941 Juniata County PA Department of Highways Beale Township map ([Appellees'] Exhibit 9).
>
> 46. That portion of Lead Line Lane known as "Woods Road" is a private roadway which reverted back to all abutting property owners in 1931 when Lead Line Lane was vacated in 1931, thereby giving said owners, including [Appellees], a right of way over said road way.
>
> 47. In the alternative to paragraph 46 above, if the portion of Lead Line Lane known as "Woods Road" was not properly vacated in accordance with the law due to the vacation documentation not being clear and distinct, the remaining parts of Lead Line Lane, including "Woods Road" would still be a Beale Township Road.

Appellees' Proposed Finding of Facts & Conclusions of Law, 12/20/17, at ¶¶ 45-47.

According to Appellees, Glenn Guiser, the predecessor of Appellee Guiser and the Arnold and Zeider Appellees, began using Woods Road from its intersection with Hammer Hollow Road from approximately 1980. The Biddle Appellees began using the same portion of Woods Road from 1976.

- 11 -

Before the dispute between the parties arose, there was a locked gate at the connection between Hammer Hollow Road and Woods Road. However, the individual who installed the gate apparently gave his neighbors keys for the gate. Beginning in 2011, Appellants began to claim that Appellees had no right to use Woods Road. In 2012, Appellants began blocking Appellees' access to their properties from Woods Road. Specifically, Appellants attempted to change the lock on the gate at Hammer Hollow Road, installed a second gate on Woods Road further west from the first gate at Hammer Hollow Road, and placed logs, rocks, and rock crushing equipment at various points on Woods Road. Additionally, there was evidence that obstructions existed near the area where Woods Road connected with Johnstown Road, and further southwest near the area where Johnstown Road connected with Lead Line Road. At trial, Appellant Scott Seiber admitted to blocking Woods Road, but asserted that he did so on his own property.

In their second through fifth issues in this appeal, Appellants challenge the issuance of the injunction and the related findings that Appellees had a right to use Woods Road. In their second issue, Appellants assert that the trial court erred in concluding that it was not necessary to join property owners with an interest in Woods Road. In their third issue, Appellants contend that the trial court erred in precluding the husband of one of the other property owners from testifying at the hearing on Appellants' motion to dismiss for failure to join indispensable parties. In their fourth issue, Appellants argue that the trial court erred in finding that Appellees established their right to a

prescriptive easement, equitable servitude, or irrevocable license with respect to Woods Road. In their fifth issue, they conclude that because Appellees failed to establish a right to use Woods Road, the trial court erred in granting an injunction.

Initially, we note our standard of review:

The grant or denial of a permanent injunction is a question of law. Regarding the trial court's legal determination, our standard of review is *de novo*, and our scope of review is plenary. As in all equity matters, however, we must accept the trial court's factual findings and give them the weight of a jury verdict where they are supported by competent evidence.

*Liberty Place Retail Assocs., L.P. v. Israelite Sch. of Universal Practical Knowledge*, 102 A.3d 501, 506 (Pa. Super. 2014) (citations and footnote omitted).

[I]n order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief. However, unlike a claim for a preliminary injunction, the party need not establish either irreparable harm or immediate relief and a court may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law.

*Gurecka v. Carroll*, 155 A.3d 1071, 1075 (Pa. Super. 2017) (*en banc*) (citation omitted).

Appellants, in their second issue on appeal, contend that the trial court lacked jurisdiction to determine Appellees' rights to use Woods Road. Appellants' Brief at 19-32. According to Appellants, Woods Road crossed the properties of twelve sets of property owners, whose interest would be affected by recognizing Appellees' right to use Woods Road. *Id.* at 20. Additionally,

Appellants claim that Appellees were required to join Milford and Beale Townships because Appellees pled that Woods Road was a vacated public road or, in the alternative, could be public roadway.  *Id.*  In support, Appellants cite *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 346 A.2d 788 (Pa. 1975), *Barren v. Dubas*, 441 A.2d 1315 (Pa. Super. 1982), and *Nelson by Nelson v. Dibble*, 510 A.2d 792 (Pa. Super. 1986), for the propositions that Appellants' failure to join the interested property owners and municipalities rendered a determination of Appellees' right to use Woods Road void for lack of jurisdiction.  *Id.* at 23-26.

Appellees argue that they did not fail to join necessary parties. Appellees emphasize that their amended complaint requested a limited resolution of their right to use Woods Road as to Appellants' property rights. Appellees' Brief at 30.  According to Appellees, the limited nature of the relief they requested was similar to *Burkett v. Smyder*, 535 A.2d 671 (Pa. Super. 1988), which, they argue, limited *Barren*.  *Id.* at 29.

Similarly, with respect to Beale Township, Appellees note that they did not request that Woods Road be declared a public road and the trial court found that Woods Road was a private road.  *Id.* at 26.  Alternatively, Appellees contend that even if Beale Township was an indispensable party, a remand would not be necessary to join Beale Township because Woods Road was not found to be a public road.  *Id.* at 28 (citing *Waksmunski v. Delginis*, 570 A.2d 88 (Pa. Super. 1990)).

The trial court, as noted above, denied Appellants' motion to dismiss in a separate order entered on February 8, 2019. In that order, the trial court asserted that a "right-of-way being sought is only over the ''Woods Road' over the property of [Appellants]" and that "agreements exist[] with the individuals put forth as indispensable parties." Order, 2/8/19. In its Rule 1925(a) opinion, the trial court stated that it "found that other property owners were not interfering with [Appellees'] right to use Woods Road and, therefore, there was no need to join them." Trial Ct. Op. at 4 (some formatting altered). The trial court did not address Appellants' claim regarding the municipalities as indispensable parties in its February 8, 2019 order or its Rule 1925(a) opinion.

It is well settled that "[t]he failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction." *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 28-29 (Pa. Super. 2015) (citation omitted). As our Supreme Court stated in *Columbia Gas*, the absence of an indispensable party "renders any order or decree of court null and void for want of jurisdiction." *Columbia Gas*, 346 A.2d at 789. This Court should address this jurisdictional issue *sua sponte*. *Barren*, 441 A.2d at 1316.

This Court summarized the definition of an indispensable party as follows:

A party is indispensable

when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its

- 15 -

rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation:

> 1. Do absent parties have a right or an interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due process rights of absent parties?

In determining whether a party is indispensable, the basic inquiry remains whether justice can be done in the absence of a third party.

*N. Forests II*, 130 A.3d at 29 (citations and quotation marks omitted).

With respect to the individual property owners referenced by Appellant, we note that in *Barren*, the plaintiffs commenced an action to recognize a prescriptive easement to an alley that crossed the defendant's adjoining lot, compel the defendants to restore access, and prohibit the defendants from interfering with the use of the alleyway. *Barren*, 441 A.2d at 1315-16. The trial court entered a decree nisi recognizing the easement and granting injunctive relief. *Id.* at 1316. The defendants filed exceptions claiming that the trial court erred in precluding evidence that they conveyed a portion of the servient tenement to third parties. *Id.* The trial court subsequently modified the decree to include a provision that the plaintiffs join the third parties, but no further proceedings with respect to the third parties were held. *Id.* at 1316 & n.*. The defendants appealed.

The *Barren* Court vacated the decree finding that the trial court lacked jurisdiction because the third parties were indispensable parties. *Id.* at 1317. The Court held that

> when there is a dispute as to the existence of an easement, all owners of servient tenements have a material interest in the controversy and should be joined as defendants, even though such an owner may have had no part in the interference with, or obstruction of, the alleged easement.

*Id.* at 1316.

In *Burkett*, the trial court awarded the plaintiff a prescriptive easement related to a 400-foot area in dispute where a roadway crossed the defendants' land, which the plaintiffs used for more than twenty-one years, first to access their Christmas tree business and later for walking or hiking.[6] *Burkett*, 535 A.2d at 672-73. On appeal, the defendants argued, in part, that the plaintiffs failed to join an additional owner over whose property the prescriptive easement crossed.

The *Burkett* Court rejected the argument, explaining:

> [The defendants] contend that the rights of the other landowner whose property is intersected by the roadway were inextricably bound to the disposition of the case at bar. However, we note that the subject matter of [the plaintiffs'] action was a 400 feet portion of the roadway which was located solely on [the defendants'] land. Any resolution made with respect to the existence of a prescriptive easement would be determinate only to [the defendants'] property rights. Thus, [the plaintiffs'] action

---

[6] The plaintiffs' and the defendants' properties in *Burkett* were not adjoining. *Burkett*, 535 A.2d at 674. The defendants in *Burkett* first raised the issue of indispensable parties in a motion for judgment on the pleadings, which the trial court denied. *Id.*

was narrowly confined so as not to affect the rights or interests held by other landowners.

*Id.* at 674. The **Burkett** Court further distinguished **Barren**, noting that

[i]n **Barren**, the [plaintiffs] filed a complaint alleging that they had obtained a prescriptive easement to an alleyway traversing the appellants' adjoining parcel of land. On appeal, this Court held that two parties to whom the [defendants] had conveyed a portion of the servient tenement were indispensable to those proceedings inasmuch as they had a material interest in the controversy. By comparison, the case *sub judice* involves a servient tenement consisting of 400 feet of land owned solely by [the defendants]. [The defendants] have failed to name any parties whose rights or interests in that section of land would be adversely affected by a determination in their absence. Accordingly, we affirm the trial court's treatment of this issue.

*Id.*

Following our review, we conclude that the instant matter is closer to **Burkett** than **Barren** with respect to the sets of twelve other landowners over whose property Woods Road crossed. The trial court's order was limited to a finding that Appellees acquired a prescriptive easement "over and along 'Woods Road' **where it intersects with [Appellants'] parcels**," that equitable servitude existed as to Appellants' lots in Milford Township, and that Appellees obtained irrevocable license to use Wood Road from Appellant. Order, 4/2/19, at 1 (emphasis added). Therefore, as in **Burkett**, the trial court's resolution was determinative only as to Appellants' property rights and did not affect the rights or interests held by other landowners. **See Burkett**, 535 A.2d at 674. Moreover, unlike **Barren**, there were no other fee owners of the servient tenements specifically at issue in this case. **See Barren**, 441

- 18 -

A.2d at 1315. On this basis, we conclude that the trial court's conclusion as to the individual property owners was not erroneous because justice could be afforded without violating the due process rights of those property owners. *See Burkett*, 535 A.2d at 674; *see generally N. Forests II*, 130 A.3d at 29.

As to the municipalities, however, the trial court's decision to adopt Appellees' proposed findings of fact and conclusions of law complicates our review. In its proposed findings of fact and conclusion of law, Appellees offered two alternatives as to the status of Woods Road as a public or private road and its right to an injunction. *See* Appellees' Proposed Finding of Facts & Conclusions of Law at ¶¶ 45-47. First, Appellees claimed that Woods Road was a private road that they had a right to use. *See id.* at ¶¶ 45-46. Second, Appellees claimed that Woods Road was a public road over which they had a right to access as members of the public. *See id.* at ¶ 47 & Conclusions of Law at Ct. 2. In support of their request for an injunction, Appellees did not propose a specific finding of fact or conclusion of law that Woods Road was a private road or possibly a Beale Township or Milford Township public road. Therefore, by adopting Appellee's proposed findings of fact and conclusions of law without further elaboration in its order or Rule 1925(b) opinion, the trial court essentially failed to resolve whether Woods Road is a public or private road.

As this Court noted in *Nelson*, the distinction between a public and private road is not a trivial one. In *Nelson*, the trial court determined that

the plaintiff sought to enjoin the defendant from blocking his access to a roadway. *Nelson*, 510 A.2d at 793. The trial court granted a preliminary injunction that barred either of the parties from blocking access to the roadway. *Id.*

Notably, in *Nelson*, the trial court stated that it did not need to decide whether there was an easement by prescription or as a public road. *Id.* The trial court concluded that calling the roadway vacated or abandoned was "a difference without a distinction" because the township no longer maintained or claimed the road. *Id.* On appeal, the *Nelson* Court found that this conclusion was flawed. *Id.* at 794.

The *Nelson* Court noted the principles that "a claim of title by adverse possession does not lie against Commonwealth property" and "that local governments have immunity from a claim of adverse possession when the land in question is devoted to public use." *Id.*. The Court remanded the matter because the outcome of the plaintiffs' adverse possession claim was "linked inextricably with whether title to the subject property is vested in [the township]." *Id.* at 795. Specifically, adverse possession, if granted in that case, could directly affect the township's interests, thereby making the township an indispensable party. *Id.* "If title was at one time vested in [the township]," the Court continued, "then the Court of Common Pleas was without jurisdiction to grant the preliminary injunction." *Id.*

Here, as in *Nelson*, the trial court did not make a specific finding as to whether Woods Road was a public or a private road such that a municipality

could be an indispensable party. *See* Orders, 2/8/19 & 4/2/19; *see also* Trial Ct. Op. at 4 (discussing only whether other property owners were indispensable parties). Indeed, while Appellees raised the question of fact in its proposed findings of fact and conclusions of law for injunctive relief, they did not suggest specific findings of fact or conclusions of law on this point. Appellees' Proposed Findings of Facts & Conclusions of Law at ¶¶ 45-47, Conclusions of Law, Ct. 2. We acknowledge that *Nelson* was decided on a request for a preliminary injunction. *Nelson*, 510 A.2d at 795. However, we are constrained to conclude that the trial court in the instant case did not properly resolve whether a municipality, such as Beale Township or Milford Township, was an indispensable party, *see id.*, and that the trial evidence did not provide a basis for determining that issue as a matter of law.

Moreover, we find no merit to Appellees' suggestion that we may affirm without remanding based on *Waksmunski*. In that case, the plaintiffs sought to enjoin the defendant from blocking an easement over the defendants' property. *Waksmunski*, 570 A.2d at 89. Additionally, the plaintiffs requested a declaration that the easement was a public road, which, if granted, would widen the easement. *Id.* at 89-90. The trial court granted a permanent injunction finding that an easement was created in the deeds of the relevant properties, but denied the plaintiffs' request to declare that the easement was a public roadway. *Id.* at 90-91. Both parties appealed, and this Court affirmed. *Id.* at 89, 91.

Of relevance to this appeal, the ***Waksmunski*** Court, citing ***Nelson***, found that because the township was an indispensable party that was not joined in the action below, it lacked jurisdiction to determine the issue of whether the easement became a public road. ***Id.*** at 92. We concluded, however, that a remand for joinder was not necessary because the trial court declared the roadway was not public and, assuming we had jurisdiction, we would have affirmed that the road provided private access. ***Id.*** at 93. Under those circumstances, the ***Waksmunski*** Court affirmed the order as to the existence of the easement and the injunction without remanding. ***Id.***

Here, unlike ***Waksmunski***, neither party requested a finding that Woods Road was a public road, nor did the trial court expressly decide whether Woods Road was a public or private road. Therefore, this present action for injunctive relief and the jurisdictional issue raised by the status of the road subject to Appellees' claimed easement by prescription cannot be as easily separated as they were in ***Waksmunski***. ***See id.*** at 92-93.

Accordingly, in light of the present record, it is necessary to remand this matter to the trial court for further consideration of whether Beale Township or any other municipality was an indispensable party. ***See Nelson***, 510 A.2d at 795. Until this jurisdictional issue has been resolved, we must conclude that the trial court was not competent to render a determination on Appellees' claims that they were entitled to injunctive relief under a theory of easement by prescription. ***See id.*** Accordingly, we order the injunctive relief be vacated.

On remand, the trial court may consider the present record, or receive any additional evidence as is necessary to determine the issue. Because this remand is to determine jurisdiction, no new post-trial motions need be filed if the trial court receives new evidence. However, if the trial court concludes there were no indispensable parties to Appellees' action, it may be advisable for the court to rule on Appellants' existing post-trial motions before the taking of another appeal.[7]

In sum, we quash Appellants' appeal in part because Appellants' premature notice did not invoke this Court's jurisdiction to consider issues related to Appellees' quiet title action regarding the twenty acres of land. **See Melani**, 909 A.2d at 405-06. However, because the trial court did not properly resolve the issue of whether Beale Township or another municipality may have an interest in Woods Road, we must vacate the trial court's order to the extent it granted injunctive relief and remand for further proceedings to determine if there are necessary parties that should have been joined. **See Nelson**, 510 A.2d at 795.

_____

[7] We are mindful that Appellants' jurisdictional arguments contradict their own position that Woods Road was not public and would bring them no substantive or practical relief in this case since they would not be entitled to block a public roadway. However, "the law requiring joinder of indispensable parties is strict." **N. Forests II**, 130 A.3d at 30.

In light of our decision, we decline to address Appellants' remaining arguments regarding the trial court's findings of fact and conclusions of law regarding equitable servitude and irrevocable license, which may be rendered moot by a determination of whether Woods Road is a public or private road.

Appeal quashed in part. Order vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/05/2020