## Minard Run Oil Company, Appellant, *v.* Pennzoil Company.

Argued September 29, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William P. McVay,* with him *McVay and McVay,* for appellant.

*Murray R. Garber,* with him *F. Earle Magee,* and *Breene, Frame and Magee,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, November 9, 1965:

In 1929 the Minard Run Oil Company, owner of a 6500 acre tract of land in McKean County, sold to the

Tide Water Pipe Co., Ltd. an easement through its property for the laying, operating and maintenance of a 6 inch pipeline for the purpose of transporting petroleum. The defendant Pennzoil Company is the present owner of the easement and the defendant National Transit Company is its lessee.

At the time of the sale of the easement rights a road on the plaintiff's property crossed over the defendant's pipeline at two different places. Because of an increase in its timber business, the plaintiff desires to extend that road so that it will cross the defendant's pipeline at still another place. In addition, because of the nature of the terrain, it will be necessary to sink the pipeline at a greater subterranean depth so that it may not be damaged by surface traffic. The plaintiff asked the defendants to do this and the defendants understandably refused because the cost of the requested operation would be considerable.

The plaintiff then filed a suit in equity to compel the defendants to do its bidding. The defendants filed preliminary objections which were dismissed and then they filed an answer and counterclaim asking the court to enjoin the plaintiff from constructing another road crossing and further to enjoin it from moving heavy equipment over the pipeline.

The chancellor ordered the defendants to submit to the sinking of their pipeline to accommodate the needs of the plaintiff's road, but placed the costs of that operation on the plaintiff, which has appealed.

The decision of the court below answered every requirement of the law and represented justice and fairness—the true delectable fruits to be found in the orchard of equity. When the plaintiff sold the pipeline easement to the defendants it did not surrender its rights to the enjoyment of the rest of its property. Section 486 of the Restatement, Property, states: "The possessor of land subject to an easement created by

conveyance is privileged to make such uses of the servient tenement as are not inconsistent with the provisions of the creating conveyance."

The plaintiff has been and is in the oil, gas and timber business. It sold the pipeline easement for the comparatively insignificant sum of $788, which, in itself, would suggest that it never intended to relinquish the right to use the rest of the land in a manner profitable to its own business. To the extent a landowner does not interfere with what he has sold he cannot be prevented from working his land so as to derive the greatest profit therefrom. "The owner of the servient tenement may make any use thereof which is consistent with or not calculated to interfere with the exercise of the easement." (3 Tiffany, Law of Real Property, 3d Ed., §811.)

For the defendants to object to the plaintiff's extending its road, so long as the extension in no way affects the use of their easement, would be to assume the attitude of a dog-in-the-manger whose yelping will not be heard in a court of equity.

At the same time, for the plaintiff to demand that the defendants pay for what is being done for its own benefit would be like asking the miller to pay the farmer for the flour he has produced from the farmer's wheat. The lowering of the defendants' pipeline can in no way increase the defendants' profits or facilitate the discharge of their function which is to transport oil in a pipe. The status quo was entirely satisfactory to them. They in no way sought a change in the existing conditions. It is the plaintiff who desires to alter the status quo for its benefit (even though, by deepening the bed of the defendants' pipeline it will be less subject to damage), and it should, therefore, be the plaintiff's obligation to pay for the achievement of its desire.

The law applicable to the facts in this case was well stated in *Piro v. Shipley,* 211 Pa. 36, 45: " 'In the case

of an easement by express grant, the rights and liabilities of the parties are determined by the terms of the agreement, and each has a right to insist that the terms of the agreement be complied with, and that, so long as the easement is enjoyed, it shall remain substantially as it was at the time the right accrued, regardless of whether benefit or damage will result from a proposed change.' "

The plaintiff's right to the full use of the surface was necessarily circumscribed by the easement granted in 1929, and the defendants have the right to insist that the easement remain as granted. However, since they have now accepted the decision of the lower court to a deeper subterranean placement of the pipeline, it is only just that the plaintiff, for whose direct benefit the translocation of the pipeline has been approved, pay for the costs involved in that relocation.

Decree affirmed; each party to bear own costs.