J-A04023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DONNA AMATO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DENISCO | : | |
| | : | |
| Appellant | : | No. 1033 MDA 2024 |

Appeal from the Judgment Entered August 21, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2021-10702

BEFORE:  LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JULY 1, 2025**

Appellant Anthony Denisco appeals from the judgment entered in favor of Appellee Donna Amato directing him to remove a gate and a fence he had installed which prevented Appellee from accessing her property by way of a driveway located on Appellant's property.  We affirm.

The trial court made the following findings of fact:

[Appellee] obtained [the property located at 2624 Lakeside Drive in Harveys Lake (the Amato property)] by means of a [] deed [] dated June 17, 2005, . . .  [Appellant] owns property [located] at 2633 Lakeside Drive in Harveys Lake [(the Denisco property)] . . . . .  [Appellant] acquired [the Denisco property] by way of deed . . . dated February 20, 2016 . . . .  [The parties] each trace their title back to a common grantor, William Kleinfelder and Claire Kleinfelder, who subdivided the property as set forth in the subdivision map dated June 18, 1990 and recorded August 31, 1990 [(the 1990 deed)]. . . .  The Amato property and the Denisco property are adjoining parcels as they share a common boundary. [Appellee] became the owner of the Amato property in 2005; however, the property had been in the Amato family since 1990.

At issue are [Appellee's] rights to an easement over and across the Denisco property which was granted via deed by way of the following language: "**Convey[ed] to Grantees also is an easement for ingress upon an existing driveway and across Grantor's land for purposes of access to the land herein conveyed. Subject nevertheless to common repair and maintenance of the same**." (the "Easement").

Shortly after [Appellant] purchased the Denisco property in February or March of 2016, he informed [Appellee] that she was not permitted to utilize the access road. At this time, [Appellee] advised [Appellant] of the Easement. On July 4, 2016, [Appellant], once again, confronted [Appellee] regarding the use of the Easement, stating she had no right to use it, and [Appellee] again advised [Appellant] of the Easement.

While [Appellant] admitted the existence of the Easement, the dispute is focused on the scope of the [E]asement. [Appellant] has refused to recognize the existence of [Appellee's] rights to the Easement.

In September of 2021, [Appellant] installed a gate across the entrance of the Easement and, in October of 2021, [Appellant] installed a fence between the border of his property and [Appellee's] property. The gate and fence block [Appellee's] access to the Easement.

The easement issue has resulted in numerous confrontations and arguments between the parties and has affected [Appellee's] ability to enjoy the use of the [E]asement and her property.

[On November 1, 2021, Appellee] instituted this action seeking declaratory judgment, ejectment, and permanent injunction asking for the following relief: (1) a finding that [Appellee] holds a valid easement over the Denisco property, (2) an order ejecting the gate, the fence, and any and all encroachments, and an order prohibiting [Appellant] from interfering with [Appellee's] use of the Easement.[1]

Trial Ct. Findings of Fact & Conclusions of Law, 9/15/23, at 1-4 (unpaginated)

(citations omitted, some formatting altered, and emphasis added).

_____

[1] Appellee filed an amended complaint on December 20, 2021.

The trial court held a non-jury trial on August 30, 2023. At trial, Appellee testified that the Easement was established by deed in 1990; that she first became familiar with the Amato property in 1995; and that she became the owner of the property in 2005. *See* N.T., 8/30/23, at 15, 18-23. She testified that, as far back as 1995, she utilized the Easement over the Denisco property by going up a "gravel driveway off of Lakeside Drive [that] went all the way back to the back of our property[.]" *Id.* at 23-26.

Appellant testified that he purchased the Denisco property in 2016 and at the time there was a "dirt road" or driveway that went from Lakeside Drive "to the back of the property[.]" *Id.* at 76-78, 96. Appellant testified that he "put a new driveway in[,]" that is, "I put a sub foundation in, widened it, and then we blacktopped it." *Id.* at 78. He also testified that "I don't know what [the driveway] looked like in 1990, but I know what it looks like today." *Id.* at 80. Appellant asserted that the gate he installed did not block Appellee's ability to access the Amato property because Appellee could access her property via a clearing at the back of the Denisco property. *Id.* at 86-91. At the conclusion of the trial, the trial court held its verdict under advisement. *See id.* at 110.

On September 12, 2023, Appellant filed a motion to reopen the record, which the trial court denied on September 13, 2023. *See* Appellant's Mot. Reopen Record, 9/12/23; Trial Ct. Order, 9/13/23. On September 15, 2023, the trial court entered judgment in favor of Appellee, accompanied by findings

of fact and conclusions of law. **See** Trial Ct. Findings of Fact & Conclusions of Law, 9/15/23.

In reaching its judgment, the trial court concluded that Appellee "holds a valid express easement over the Denisco Property that permits her to enter and access her property from anywhere along the existing driveway[]" and that the gate and fence installed by Appellant "block [Appellee's] access to the Easement." **Id.** at 3-4 (unpaginated). The trial court found that, while conceding the existence of the Easement, Appellant disputed the "scope of the [E]asement" and "refused to recognize the existence of [Appellee's] rights to the Easement." **Id.** at 3 (unpaginated). The trial court ordered Appellant to "remove the Gate, the Fence, and any and all encroachments[]" on the Easement. **Id.** at 4 (unpaginated).

On December 15, 2023, Appellant filed a motion for post-trial relief, which the trial court denied on April 10, 2024.[2] Appellant filed a timely notice of appeal, and the trial court issued a Pa.R.A.P. 1925(a) opinion.[3]

_____

[2] On October 13, 2023, Appellant filed a notice of appeal from the trial court's September 15, 2023 judgment in favor of Appellee. **See** 1469 MDA 2023. On December 5, 2023, this Court quashed the appeal after finding that the September 15, 2023 judgment was "premature and void" because the trial court had entered judgment without providing a ten-day period for the parties to seek post-trial relief as required by Pa.R.Civ.P. 227.1(c)(2). Order, 1469 MDA 2023, 12/5/23. This Court also therein granted Appellant ten days to seek post-trial relief with the trial court; therefore, Appellant timely filed his post-trial motion on December 15, 2023. **Id.**

[3] Appellant filed a notice of appeal from the trial court's order of April 10, 2024 denying his post-trial motion. On August 9, 2024, this Court issued a rule to
*(Footnote Continued Next Page)*

J-A04023-25

On appeal, Appellant raises the following claims:

1. Did the trial court rule against the weight of the evidence when it held that Appellee['s] easement over the "existing driveway" extended beyond the driveway as it existed when the easement was created and granted in 1990?

2. Did the trial court err by finding that Appellee [] had met her burden of proof that the scope of the easement was clearly defined and unambiguous when Appellee presented no evidence of the dimensions of the driveway in 1990?

3. Did the trial court err as a matter of law when it held that the easement is unambiguous?

4. Alternatively, did the trial court err as a matter of law when it held that Appellee's right to use the entirety of Appellant's driveway as it exists today is reasonable?

5. Did the trial court err by not clearly defining the scope of the easement?

Appellant's Brief at 4-5 (some formatting altered).

Appellant's issues are related; therefore, we discuss them together. Appellant asserts that "he never restricted [Appellee's] use of the [E]asement or substantially interfered with Appellee's ability to access [the Amato] property because approximately twenty [] feet of his driveway could be driven over or walked upon to access [Appellee's] unimproved land." ***Id.*** at 8. Appellant notes that he "improved [the driveway] by paving and widening" it and contends that "he had every legal right to install a fence along his property

_____

show cause directing Appellant "to *praecipe* the trial court prothonotary to enter judgment on the decision of the trial court." Order, 8/9/24. Appellant complied and judgment was entered on August 21, 2024. Accordingly, this Court discharged the rule to show cause on August 26, 2024. ***See*** Order, 8/26/24.

- 5 -

line [with the Amato property]." *Id.* at 8-9. Appellant concedes that Appellee possesses an easement over the Denisco property, granted via deed in 1990. *Id.* at 7.

Appellant characterizes the Easement established in the 1990 deed as "an 'existing driveway' with no corresponding description or definition[.]" *Id.* at 14; *see also* R.R. at 43 (the 1990 deed).[4] Appellant contends that the lack of a "metes and bounds description[,]" dimensions, or any additional description of the "existing driveway" in the 1990 deed makes the Easement ambiguous. *Id.* at 19 (citations omitted). Because the Easement is ambiguous, Appellant argues, the trial court should have found that it is "limited to the [dimensions of the] 'existing driveway' in 1990[,]" rather than as Appellee "claims that she utilized the driveway between 1995 and 2016." *Id.* at 14. In support thereof, Appellant directs our attention to *Lease v. Doll*, 403 A.2d 558 (Pa. 1979), in which our Supreme Court stated that

> when the terms of an express grant of an easement are general, ambiguous, and not defined by reference to the circumstances known to the parties at the time of the grant, the express easement is to be construed in favor of the grantee, and the easement may be used in any manner that is reasonable.

*Id.* at 15 (quoting *Lease*, 403 A.2d at 562 ).

Appellant contends that because the Easement is ambiguous, the trial court "should have looked to the original intention of the grantor and grantee

---

[4] We may cite to the parties' reproduced record for the parties' convenience.

at the time of the Easement's conveyance in 1990." *Id.* at 21 (citation omitted). Appellant further claims that, because "the intent of the parties at the time of conveyance" controls the interpretation of the 1990 deed, Appellee's utilization of the Easement between 1995 and 2016 "is irrelevant" to determining the intent of the grantor and the grantee. *Id.* at 22 n.5 (some formatting altered).

Appellant further argues that where "the conveyance which created the easement and other record documents are ambiguous[,]" the trial court was "free to receive extrinsic, *i.e.*, 'parol evidence,' to resolve the ambiguity." *Id.* at 15-16 (citation omitted). Appellant notes that the burden was on Appellee, as the plaintiff, to prove the scope of the Easement and that Appellee failed to "present any evidence about the dimensions of the driveway in 1990[]" to establish that "the driveway remained unaltered between 1990 and 2016[.]" *Id.* at 20-22 (citations and footnote omitted). Appellant then asserts, without citation to authority, that because Appellee "did not behold the driveway until 1995, [accordingly,] her testimony alone is incompetent evidence upon which the trial court's decision rests." *Id.* at 20 (some formatting altered).

Appellant argues that the trial court's conclusions are unreasonable because they "significantly expand [the Easement] from its intended scope and purpose in 1990[]" to encompass the entirety of the current driveway. *Id.* at 24. Appellant contends that this expanded scope grants Appellee "unlimited and unfettered right to utilize [Appellant's] driveway[,]" that is, the trial court permitted Appellee to "access [the Amato] property from anywhere,

along the present driveway, where it **borders** [the Amato] property." *Id.* at 23-24 (emphasis in original). Appellant contends that this expanded scope is unreasonable because Appellee may access the Amato property "along Lakeside Drive" or by accessing only "twenty [] feet of [Appellant's] driveway next to Lakeside Drive," rather than the entirety of the driveway. *Id.*

Appellant also argues that the trial court's use of the word "borders" is ambiguous insofar as the trial court concluded that "[Appellee] has the right to access [the Amato] property from any point or points along the said driveway where [the driveway] **borders** her property." *Id.* at 25 (quoting Trial Ct. Findings of Fact & Conclusions of Law, 9/15/23, at 10 (unpaginated)). Appellant notes that the driveway on the Denisco property does not always border the Amato property and, accordingly, the driveway only "borders" the Amato property where "each property connects to Lakeside Drive." *Id.* at 27. "Therefore, without defining the word 'border,' the scope of the trial court's order regarding the [E]asement is not clear." *Id.* (some formatting altered).

In the alternative, Appellant argues that if the Easement is not ambiguous, then Appellee's easement rights should "be limited to the driveway as drawn in the 1990 deed . . . [which] depicts the driveway with an end slightly beyond [Appellant's] house[.]" *Id.* at 28-29. The depiction that Appellant references does not appear to provide access to Appellee's property from Lakeside Drive over Appellant's property. *See* R.R. at 44 (diagram in the 1990 deed).

In reviewing Appellant's claims, our standard of review is as follows:

> When reviewing the decision of the trial court in a declaratory judgment action, our scope of review is narrow. Consequently, we are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion. The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence. Where the trial court's factual determinations are adequately supported by the evidence we may not substitute our judgment for that of the trial court.

*Consolidation Coal Co v. White*, 875 A.2d 318, 325 (Pa. Super. 2005) (citation omitted); *see also Ungarean v. CNA and Valley Forge Ins. Co.*, 323 A.3d 593, 605 (Pa. 2024) (stating that "[i]n reviewing a declaratory judgment, we are limited to determining whether the trial court committed a clear abuse of discretion or committed an error of law[]" (citation omitted)). Further, "the verdict winner is entitled to have the evidence considered in a light most favorable to him[- or herself]." *Porter v. Kalas*, 597 A.2d 709, 712 (Pa. Super. 1991).

To identify the outer limits of a grantee's easement rights, "an express easement granted in general terms must be construed to include any reasonable use." *Zettlemoyer v. Transcontinental Gas Pipeline Corp.*, 657 A.2d 920, 924 (Pa. 1995) (citing *Lease*, 403 A.2d at 563). In *Zettlemoyer*, our Supreme Court held that, where the language of the grant of express easement is unambiguous, such language is "better evidence of the original parties' intent than . . . subsequent use and acquiescence." *Id.* at 926. However, as stated above, our Supreme Court has also recognized that, where

the terms of an express grant of an easement are general, ambiguous, and not defined by reference to the circumstances known to the parties at the time of the grant, **the express easement is to be construed in favor of the grantee . . . , and the easement may be used in any manner that is reasonable**.

*Lease*, 403 A.2d at 562 (citations omitted and emphasis added). Further, with regard to express easements, "when . . . the width of an easement is unspecified, the easement is of such width as is suitable and convenient for its reasonable use[.]" *Zettlemoyer*, 657 A.2d at 926 (citing *Lease*, 403 A.2d at 563 n.10).

Ultimately, the *Zettlemoyer* Court held that when the purposes and scope of an express easement are unambiguous, a grantee may take actions that are "reasonable and necessary" to "effectuate the purposes of the grant" even where a grantee's utilization of an easement is an expansion of its prior use of the easement, so long as such use is within the intent or purpose of the easement. *Id.* at 925, 927; *see also McNaughton Properties, LP v. Barr*, 981 A.2d 222, 229 (Pa. Super. 2009) (stating that "the scope of an express easement must be determined in strict conformity with the intentions of the original parties as set forth in the grant of the easement" (citations omitted)). Lastly, it is well-established that "[t]he owner of the servient tenement may make any use thereof which is consistent with or not calculated to interfere with the exercise of the easement." *Pineda v. Perry*, 244 A.3d 1240, 1248 (Pa. Super. 2020) (citations omitted).

Here, the trial court explained:

By virtue of the specific grant of easement, [the Denisco property] is the servient tenement impressed with a permanent easement of passage over and along the right-of-way. [The Amato] property is the dominant estate, benefited by the right-of-way.

The Right-of-Way/Easement in question was expressly granted to [Appellee's] predecessor in title, and said Right-of-Way/Easement is now enjoyed by [Appellee] as an expressly granted easement appurtenant.

[The] Easement is clear and unambiguous as it sets forth the size, location, and purpose of the easement. . . . [T]he Easement's size and location are clearly defined as [the 1990 deed] states "ingress upon an existing driveway and across Grantor's land . . . ." Moreover, the purpose of the Easement is clear inasmuch as it states "for purposes of access to the land herein conveyed."

\* \* \*

[E]ven if . . . the language of the [E]asement [was] ambiguous, the Supreme Court has held that ambiguous easements are to be construed in favor of the grantee, and the easement may be used in any manner that is reasonable. [*See*] *Lease*, 403 A.2d [at 562].

\* \* \*

[Appellee] has the right to access [the Amato] property from any point or points along the said driveway where the same borders [the Amato] property.

\* \* \*

When [Appellant] installed [the] gate and the fence along [the Amato] property line, [Appellant] substantially interfered with [Appellee's] use of the Easement.

\* \* \*

[Appellee] is entitled to use the Easement for ingress and egress to her property only.

Trial Ct. Findings of Fact & Conclusions of Law, 9/15/23, at 8-12 (unpaginated)

(some citations omitted and some formatting altered).

- 11 -

Following our review of the record, we find no reason to disturb the trial court's conclusions. We find no merit to Appellant's argument that the path of the Easement should be fixed in time to a prior version of the present driveway, particularly because the record is unclear as to the exact location of the driveway in 1990. *See Zettlemoyer*, 657 A.2d at 926; *Lease*, 403 A.2d at 562, 563 n.10. We also find no abuse of discretion or error of law in the trial court's rejection of Appellant's alternate argument, that he may limit or restrict Appellee's access to the present driveway to only what is necessary for Appellee to access the Amato property. As the owner of a servient estate, Appellant may not limit or restrict Appellee, the owner of the dominant estate, from accessing the complete scope of an express easement. *See Pineda*, 244 A.3d at 1248.

Further, viewed in the light most favorable to Appellee as the prevailing party below, the record supports the trial court's conclusion that the purpose of the Easement – to provide access to the Amato property by way of an "existing driveway" on the Denisco property – is clear and unambiguous. *See Zettlemoyer*, 657 A.2d at 926; *Lease*, 403 A.2d at 563; *Porter*, 597 A.2d at 712; *McNaughton*, 981 A.2d at 229. We also discern no abuse of discretion or error of law in the trial court's conclusion that the Easement applies to the driveway in its present form, regardless of any modifications or improvements Appellant has made. *See Zettlemoyer*, 657 A.2d at 926; *Lease*, 403 A.2d at 563; *McNaughton*, 981 A.2d at 229; *see also Consolidation Coal Co.*, 875 A.2d at 325; *Ungarean*, 323 A.3d at 605.

Here, the judgment below permits Appellee to use the Easement in a reasonable manner to effectuate the purpose of the Easement and accords with **Lease** and **Zettlemoyer**.  **See Lease**, 403 A.2d at 562; **see also Zettlemoyer**, 657 A.2d at 924.  Therefore, we conclude that the trial court's wording when it described Appellees' right to use the driveway where it borders the Amato property is not ambiguous.  For these reasons, we affirm.

Judgment affirmed.  Jurisdiction relinquished.

PJ Lazarus joins the memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/01/2025</u>