J-A21008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JEAN DOVIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HONEY BROOK GOLF CLUB L.P. | : | No. 249 EDA 2024 |

Appeal from the Judgment Entered December 7, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
2021-00471-RC

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:            **FILED OCTOBER 29, 2024**

This memorandum addresses Jean Dovin's second appeal from the order denying a permanent injunction in her case against Honey Brook Golf Club, L.P.  Dovin filed her first appeal, docketed in this Court at 2078 EDA 2023, while her post-trial motions were pending.  Dovin filed her second appeal after the denial of her post-trial motions.  Here, we reverse the order denying Dovin's petition for contempt and remand for further proceedings.

In Dovin's first appeal, we initially concluded that the order denying a permanent injunction was appealable as of right.  ***Dovin v. Honey Brook Golf Club L.P.***, ___ A.3d ___, No. 2078 EDA 2023, slip op. at 6–16 (Pa. Super. 2024) (applying Pa.R.A.P. 311(a)(4)(ii)).  Notably, Dovin's post-trial motion, which was still pending when she filed her first notice of appeal, did not prevent appellate review of her challenge to the injunction ruling.  ***Id.*** at 11 (citing ***Guiser v. Sieber***, 237 A.3d 496, 500–02 (Pa. Super. 2020)).  On the

merits, we determined that the trial court's early termination of the non-jury trial had left the record incomplete and unripe for review; we vacated the order denying a permanent injunction and remanded for further proceedings. ***Id.*** at 20.

These rulings from Dovin's first appeal prevent review of the bulk of the issues in this appeal. Dovin had the "option" to appeal either while post-trial motions were pending or after the entry of judgment. ***Thomas A. Robinson Family Ltd. P'ship v. Bioni***, 278 A.3d 839, 847 & n.11 (Pa. Super. 2017) (explaining that a party may appeal under Rule 311(a)(4) or "may elect instead to engage in normal post-trial procedures" to appeal from a final judgment); ***see also Wolk v. Sch. Dist. of Lower Merion***, 197 A.3d 730, 741 n.16 (Pa. 2018) (addressing the effect of post-trial motions on an immediately appealable injunction). However, this does not entitle Dovin to duplicative review of the same order in separate appeals. Rather, the "law of the case" doctrine dictates that "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995). Because this Court already determined that the record was incomplete and not ripe for review, we are unable to further address Dovin's challenges to the trial court's discretion in the injunction trial. ***See id.***

What remains is Dovin's final issue: whether the trial court erred or abused its discretion by denying Dovin's motion for contempt based only on

the trial court's denial of a permanent injunction.[1]  We review a trial court's

contempt ruling under the following standard:

> Each court is the exclusive judge of contempts against its process.
> The contempt power is essential to the preservation of the court's
> authority and prevents the administration of justice from falling
> into disrepute.  When reviewing an appeal from a contempt order,
> the appellate court must place great reliance upon the discretion
> of the trial judge.  On appeal from a court's order holding a party
> in contempt of court, our scope of review is very narrow.  We are
> limited to determining whether the trial court committed a clear
> abuse of discretion.

***Barna v. Langendorfer***, 246 A.3d 343, 346 (Pa. Super. 2021).  Thus, we

"will reverse a trial court's order denying a civil contempt petition only upon a

showing that the trial court misapplied the law or exercised its discretion in a

manner lacking reason." ***MacDougall v. MacDougall***, 49 A.3d 890, 892 (Pa.

Super. 2012).

To prove civil contempt, "the complaining party must show, by a

preponderance of the evidence, that a party violated a court order." ***Coffman***

***v. Kline***, 167 A.3d 772, 780 (Pa. Super. 2017).  The elements are: "(1) that

the contemnor had notice of the specific order or decree which he is alleged

to have disobeyed; (2) that the act constituting the contemnor's violation was

volitional; and (3) that the contemnor acted with wrongful intent." ***Id.***

---

[1] We deny Honey Brook's application to dismiss this appeal in its entirety;
Dovin's challenge to the denial of contempt was not subsumed in her first
appeal.  If Dovin had included the contempt issue in her first appeal, we would
have quashed that aspect as interlocutory and unappealable under Rule 311.
***Cf. Guiser v. Sieber***, 237 A.3d 496, 502 (Pa. Super. 2020) (quashing aspects
of an interlocutory appeal that were not related to the appealable injunction).

Here, the relevant court order is the trial court's preliminary injunction, which required that Honey Brook "cease use of hole number four (4) until it takes measures to prevent golf balls from entering the Dovin property. [Honey Brook] has sixty (60) days from the entry of this Order to effect these measures."  Order, 2/3/23, at 1–2 (footnote omitted).  Honey Brook moved to dissolve the preliminary injunction, describing numerous modifications to hole number 4.  The trial court denied the motion, noting:

> The Court's Order of February 3, 2023[,] required that, within sixty (60) days of the entry of that Order, Defendant take adequate measures to prevent golf balls from entering Plaintiff's property.  If Defendant believes that it has taken adequate measures to do so, it may use hole number 4 as long as golf balls are prevented from entering Plaintiff's property.  Failure to take sufficient action to achieve those measures may result in a finding of contempt, additional sanctions or permanent closure of hole number 4.  The issuance of a final injunction will be addressed during trial . . . .

Order, 5/25/23, at 1 n.1.

On June 30, 2023, Dovin filed a motion for contempt, alleging that Honey Brook had used hole number 4 the previous day and that Dovin had discovered golf balls on her property.  Honey Brook filed a reply on July 11, 2023, denying certain allegations and explaining its efforts to comply with the relevant orders.  The trial court ultimately denied the motion for contempt without a hearing on July 12, 2023, citing its denial of Dovin's request for a permanent injunction on July 11, 2023.  "Accordingly, the Preliminary Injunction entered on February 3, 2023, dissolved by operation of law." Order, 7/12/23, at 1 n.1.

The court was correct that its order denying a permanent injunction terminated the preliminary injunction. ***See PA Energy Vision, LLC v. S. Avis Realty, Inc.***, 120 A.3d 1008, 1012–13 (Pa. Super. 2015). However, the alleged contempt occurred some 12 days prior to the order denying a permanent injunction. At the time Dovin claimed to have observed golfers using hole number 4, the preliminary injunction (and the order of May 25, 2023) remained in effect. Because the dissolution of the preliminary injunction was the only basis cited for the denial of Dovin's motion for contempt, the trial court misapplied the law and thus abused its discretion.

Honey Brook submits that Dovin cannot prove contempt on the merits because Honey Brook was not acting with wrongful intent. It cites evidence from the non-jury trial—and the trial court's findings—that Honey Brook was redesigning hole number 4 to comply with the court orders. However, the non-jury trial record is incomplete, and the trial court did not provide Dovin an opportunity to prove contempt. We will therefore vacate the order denying Dovin's motion for contempt and remand for the trial court to determine in the first instance whether the elements are met.

Order dated July 12, 2023, denying Plaintiff's motion for contempt vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024